UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RENEE D. BELL,**

      **Plaintiff,**

**v.**                                                 **Case No:   6:15-cv-706-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Renee D. Bell (the "Claimant"), who is proceeding *pro se*, appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") awarding Claimant a closed period of disability benefits. Doc. No. 1. On September 28, 2011, Claimant filed applications for Disability Insurance Benefits ("DIB"), alleging an onset of disability date as of January 1, 2008. R. 158. Claimant is insured for DIB through September 30, 2011. R. 16. On July 26, 2013, the Administrative Law Judge (the "ALJ") issued a "Fully Favorable Decision," awarding Claimant a closed period of disability benefits from November 5, 2010 through March 5, 2012. R. 9, 13-20. In her memorandum on appeal, Claimant generally argues that ALJ's decision is not supported by substantial evidence and the ALJ failed to fully develop the record. Doc. No. 26 at 1-12. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED and REMANDED** for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).

I.  **THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

II. **THE ALJ'S EIGHT-STEP CLOSED PERIOD OF DISABILITY EVALUATION PROCESS.**

Where the Commissioner determines that a claimant is entitled to a closed period of disability, the ALJ is required to demonstrate that the claimant has experienced medical improvement from the date on which the ALJ finds the claimant's disability ceased. *Pickett v. Bowen*, 833 F.2d 288, 291-93 (11th Cir. 1987) (medical improvement is the standard of review for closed period of disability claimants). In *Cormier v. Astrue*, No. 3:10-cv-787-J-TEM, 2012 WL 4369667, at *3 (M.D. Fla. Sept. 25, 2012), the Court explained, pursuant to 20 C.F.R. § 404.1594(f), the following additional eight-step sequential evaluation process for determining

whether a claimant has experienced medical improvement and whether a claimant's disability benefits should cease:

> The Commissioner has established an eight step sequential process used to determine whether medical improvement has occurred and whether a claimant's disability benefits should cease. 20 C.F.R § 404.1594(f). The *first* question is whether the claimant is engaged in substantial gainful activity. *Id.* If not, the *second* question is whether the claimant has an impairment or combination of impairments which meets or equals the severity of an impairment in the Listings. *Id.*
>
> If the claimant's impairments do not meet or equal a listed impairment, the *third* step is to determine whether there has been medical improvement. *Id.* If so, the *fourth* question is whether the claimant's improvement is related to his or her ability to work based upon the claimant's residual functional capacity. *Id.* The *fifth* question is whether any exceptions apply under subsections (d) (relating to advances in medical treatments and/or therapies that may have improved a claimant's condition etc.) and (e) (relating to the prior determination of disability being found in error or was fraudulently obtained etc.) *Id.*
>
> At the *sixth* step, if it has been determined that there has been medical improvement, it must then be determined whether all the claimant's *current* impairments in combination are severe. *Id.* (emphasis added). If it is found that the claimant's current impairments are severe, it must then be determined, at the *seventh* step, whether given current impairments, the claimant is able to engage in the type of work he or she had done in the past. *Id.*
>
> At the *eighth* and final step, if the claimant is not able to engage in the type of work done in the past, the [Commissioner] must consider, given the claimant's *current impairments,* age, education, and past work experience, whether the claimant is able to engage in other substantial gainful activity. *Id.*

*Cormier v. Astrue*, No. 3:10-CV-787-J-TEM, 2012 WL 4369667, at *3 (M.D. Fla. Sept. 25, 2012), *aff'd sub nom. Cormier v. Comm'r of Soc. Sec*., 522 F. App'x 468 (11th Cir. 2013) (emphasis in original).

### III.   STANDARD OF REVIEW.

*Pro se* litigants are subject to the same substantive law and rules of court as litigants, who

are represented by counsel.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Pursuant to 42 U.S.C. § 405(g), an aggrieved claimant, who receives a final decision from the Commissioner, may appeal that decision to the district court.  On appeal, under § 405(g), the Court reviews *de novo* the legal principles employed by the ALJ in the decision, but the ALJ's factual findings are reviewed only to determine whether they are supported by substantial evidence.  *See Chapman v. Comm'r of Soc. Sec.*, 498 F. App'x 952, 953 (11th Cir. Nov. 26, 2012) (unpublished).[1]  The Court does not have the authority to "reweigh the evidence, decide facts anew, make credibility determinations, or substitute [its] judgment for the ALJ's."  *Frame v. Comm'r of Soc. Sec.*, 596 F App'x 908, 909 (11th Cir. Jan. 2015) (unpublished) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211, 1213 (11th Cir. 2005)).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery*

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied).

**IV.    PROCEDURAL HISTORY.**

This case presents an interesting history. On or about July 29, 2008, Claimant filed an initial application for DIB (the "Original Application"), alleging an onset of disability as of February 20, 2006. R. 84, 88, 154-55. The Original Application was denied initially and, on February 6, 2009, it was also denied on reconsideration. R. 63-64. The record does not reflect that Claimant requested a hearing before an ALJ on the Original Application.

On September 27, 2011, Claimant filed the instant applications for DIB and SSI, alleging an onset of disability as of January 1, 2008. R. 158-59. Claimant's application was denied initially and on reconsideration. R. 95, 102. Claimant requested a hearing before an ALJ and, on April 9, 2013, a hearing was held before ALJ Barry Laboda. R. 23-62. On May 21, 2013, the ALJ sent a letter to Claimant's counsel, stating:

> In regards to the above referenced client I have reviewed the case and am willing to offer a closed period of 11/5/2010 – 3/5/2012 based on the medical evidence submitted in this case. Please confer with your client and submit a reply by 5/29/2013.

R. 22. Thus, the ALJ's letter offered to award Claimant DIB for a closed period from November 5, 2010 through March 5, 2012 "based on the medical evidence submitted in this case." R. 22. The ALJ also imposed a deadline of May 29, 2013, for replying to the offer. R. 22.

On July 10, 2013, the ALJ sent another letter, repeating the following offer:

> In regards to the above referenced client I have reviewed the case and am willing to offer a closed amended onset period of 11/5/2010 – 3/5/2012 based on the medical evidence submitted in this case. Please confer with your client and submit a reply by July 15, 2013.

R. 21.   On July 22, 2013, Claimant's counsel sent the ALJ a letter stating:

> This is in response to your offer of a close [sic] period.  We have spoken to our client . . . and she indicates that if after your review of the recently submitted medical records from Winter Park Chiropractic and Central Florida Med Chiropractic you still feel that she was only disabled during the proposed close period of from November 5, 2010 to March 5, 2012 then she agrees to your offer of the close [sic] period.

R. 153.   Thus, Claimant did not accept the ALJ's offer, but essentially made a counteroffer that if, after the ALJ's review of the entire record, the ALJ concluded that Claimant is only disabled from November 5, 2010 to March 5, 2012, then the Claimant will accept an award of DIB for a closed period.   R. 153.

On July 26, 2013, the ALJ issued a "Fully Favorable" decision, awarding Claimant a closed period of DIB from November 5, 2010 to March 5, 2012.  R. 9, 13-20.   However, rather than addressing whether Claimant was disabled from January 1, 2008, the ALJ's decision simply and erroneously states that Claimant's application alleged disability beginning on November 5, 2010 and that Claimant's counsel requested a closed period of disability from November 5, 2010 through March 5, 2012.   R. 13.

As a threshold issue, the Commissioner maintains the Court lacks jurisdiction to consider whether the ALJ made any error with respect to the time period of January 1, 2008 through February 6, 2009, for the following two reasons: (1) Claimant failed to exhaust her administrative remedies with respect to the Original Application; and (2) the ALJ was barred by the doctrine of *res judicata* from considering whether Claimant was disabled at any time prior to February 6, 2009.  Doc. No. 27 at 12, 17 n.10.   The Commissioner also argues the Claimant, "through her counsel, . . . did not request reopening [the Original Application], [and] she agreed to the ALJ's finding of a closed period of disability between November 5, 2010 through March 5, 2012."   Doc. No. 27 at 10-11 (citing R. 153).   Although the Commissioner does not cite to any supporting legal

authority or make any more detailed factual arguments, the undersigned interprets the Commissioner's argument as implying that the Claimant entered into a binding stipulation, agreeing to a closed period of disability and waiving her right to appeal the ALJ's decision as to any claim alleging a broader period of disability. Doc. No. 27 at 10-12. In the alternative, the Commissioner argues that the ALJ reviewed the entire relevant period at issue, *i.e.*, February 7, 2009 forward, and the medical record supports the ALJ's conclusion to award a closed period of disability from November 5, 2010 through March 5, 2012. Doc. No. 27 at 13-22. For the reasons, set forth below, the undersigned rejects the Commissioner's arguments.

## V.     ANALYSIS.

### A. Jurisdiction.

As set forth above, the Commissioner argues that the Court lacks jurisdiction to consider whether the ALJ erred with respect to the time period from January 1, 2008 through February 6, 2009. Doc. No. 27 at 12, 17 n.10. The Commissioner is correct that by failing to request a hearing before an ALJ with respect to the Original Application, the Claimant did not receive a final decision after a hearing and, therefore, this Court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) from reviewing the Original Application. *See Califano v. Sanders*, 430 U.S. 99, 107-108 (1977) (judicial review under 42 U.S.C. § 405(g) is limited to final decisions of the Commissioner made after a hearing). The Commissioner is also correct that, due to the Commissioner's denial of the Original Application, the doctrine of *res judicata* bars the ALJ or this Court from considering whether Claimant was disabled from January 1, 2008 through February 6, 2009, the date the Original Application was denied on reconsideration. *See* 20 C.F.R. § 404.957(c)(1) (*res judicata* applies to prior agency determinations regarding the same facts and same issues); *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. Jan. 21, 2010)

(unpublished and finding *res judicata* applies to prior determinations on same facts and same issues, but not to applications involving different time periods).² However, as the Commissioner acknowledges, the Original Application did not consider whether Claimant was disabled at any time after February 6, 2009. R. 63-64. Thus, based on the instant application, the ALJ was required to address whether Claimant was disabled at any time from February 7, 2009 forward. Accordingly, the Commissioner's threshold argument does not end the inquiry with respect to the time period from February 7, 2009 through November 5, 2010, the date the ALJ found Claimant's disability began.

### B. The Claimant Did Not Agree to a Closed Period of Disability.

The Commissioner implicitly argues that Claimant entered into a binding agreement with the ALJ for a closed period of disability and, therefore, she has waived her right to appeal the ALJ's decision awarding Claimant a closed period of disability. Doc. No. 27 at 10-12. The Commissioner's argument is without merit for several reasons. First, the Commissioner's argument that Claimant "agreed to the ALJ's finding of a closed period of disability," is unsupported by the record. Doc. No. 27 at 11 (citing R. 153). As quoted above, the Claimant's July 22, 2013 letter did not agree to a closed period of disability. *See supra* p. 6. Instead, Claimant clearly requested that the ALJ review the entire record and, only after that review, if the ALJ determined that Clamant was not disabled for the entire period, then the Claimant would agree to closed period of disability. R. 153. Thus, the Commissioner's argument rests upon a false premise. Second, the Commissioner fails to make any detailed arguments, supported by legal authority, demonstrating that there was a legal offer, acceptance, and consideration, or an otherwise binding stipulation or agreement between the ALJ and the Claimant. Doc. No. 10-11.

---

² In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

Instead, the Commissioner merely makes a conclusory and inaccurate statement that the Claimant agreed to a closed period of disability. *Id*. Finally, the Commissioner's alternative argument, that the ALJ reviewed the entire record and the medical record supports the ALJ's ultimate conclusions is pure post-hoc rationalization.[3] The ALJ's decision hinges upon the false belief that Claimant only requested a closed period of disability. R. 13, 20. As set forth in greater detail below, nothing in the ALJ's decision suggests that the ALJ considered whether Claimant was disabled from February 7, 2009 forward. For all of the foregoing reasons, the undersigned rejects the Commissioner's arguments.

### C. The Merits of the ALJ's Decision.

Turning to the ALJ's decision, this case presents an unusual circumstance – where the ALJ's decision is, on its face, not supported by substantial evidence. R. 13-20. As set forth below, the ALJ's decision contains material misstatements of facts, fails to consider the entire relevant time period at issue, and is internally inconsistent.

First, the ALJ's decision contains three (3) material misstatements of fact. The ALJ's decision begins with the representation that Claimant alleged an onset of disability beginning November 5, 2010. R. 13. The Claimant's current application unequivocally alleges an onset of disability beginning January 1, 2008. R. 66-67, 72-73, 158. Taking into consideration the Original Application, which bars disability review through February 6, 2009, the relevant period of claimed disability would commence February 7, 20009. Thus, there is no support for the ALJ's representation that Claimant alleged a disability onset date of November 5, 2010.

---

[3] "[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Commissioner of Social Security*, 2010 WL 2511385, at *3 (11th Cir. June 23, 2010) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974) (emphasis in original)). Thus, the Commissioner is precluded from asserting her own reasons and rationalizations for an ALJ's conclusions, which were not articulated in the ALJ's decision. *Id*.

The ALJ then states that the "Claimant, through her attorney, requested a closed period of disability from November 5, 2010 through March 5, 2012." R. 13. As set forth above, the ALJ twice offered Claimant a closed period of disability, but the Claimant did not accept that offer and, instead, essentially proposed a counteroffer. *See supra* pp. 5-6. Again, the Claimant's counteroffer did not request a closed period of disability, but stated that the Claimant would accept a closed period of disability only if, after a review of the entire record, the ALJ determined that Claimant was not disabled during the entire period. R. 153. Thus, Claimant sought a determination from the ALJ on the merits of her entire claim and the ALJ's representation that Claimant requested a closed period of disability is not accurate. R. 13, 20, 153.

Finally, the ALJ states that Claimant "does not allege being disabled as of March 6, 2012." R. 20. There is no support in the record for the ALJ's representation and, in fact, the Claimant's last contact with the ALJ, the July 22, 2013 counteroffer, requests that the ALJ consider the entire medical record. R. 153. Thus, the ALJ's statement is unsupported and inaccurate.

As a result of those material misstatements, the ALJ's findings throughout the decision are wholly conclusory and fail to contain any detailed discussion of the medical or administrative record, which makes it impossible for the Court to conduct a review for substantial evidence. R. 16-20. For example, the ALJ's findings at step-two of the initial sequential evaluation process and in determining the Claimant's residual functional capacity (the "RFC") are expressly limited to the time period from November 5, 2010 through March 5, 2010. R. 16-17.[4] Thus, the ALJ failed to consider any severe impairments that may have existed, either singly or in combination, and any resulting functional limitations from February 7, 2009 through November 4, 2010. R.

---

[4] In addition, the ALJ provides little to no explanation or analysis of the medical record in support of the ALJ's RFC assessment. R. 17-18.

16-17; *see supra* pp. 5-7 (explaining that the ALJ was required to consider whether Claimant was disabled after February 6, 2009). Similarly, the ALJ's credibility determination fails to analyze the time period from February 7, 2009 through November 4, 2010. R. 17-18. Furthermore, at step-four, the ALJ finds that the Claimant has been unable to perform her past-relevant work from "January 1, 2008 through March 5, 2012," which is internally inconsistent with ALJ's findings, also at step-four, that Claimant has been unable to perform her past-relevant work only from November 5, 2010 through March 5, 2012. R. 18.[5] Accordingly, the ALJ's material misstatements of fact, failure to consider the entire relevant time period at issue, and inconsistent findings result in a fundamentally flawed decision that is not supported by substantial evidence.

Notably absent from the ALJ's decision is any mention of the ALJ's offer of a closed period of disability. R. 13-20. Neither party addresses whether the ALJ has any authority to make binding offers or agreements on behalf of the Commissioner. Doc. Nos. 26-27. The undersigned questions the propriety of an ALJ making such an offer. "ALJs are not prosecutors and administrative hearings are not adversarial proceedings." *Spengler v. Colvin*, 2013 WL 5310475, at *2 (C.D. Cal. Sept. 18, 2013); *see also Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) ("Social Security administrative hearing proceedings are non-adversarial and informal in nature."). ALJs have "a basic obligation to develop a full and fair record," *Zaldivar v. Apfel*, 8 F. Supp. 2d 1353, 1359 (N.D. Ga. 2000), and "[t]he impartiality of the ALJ is thus integral to the integrity of the system." *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996). The undersigned is not convinced that an ALJ can comply with those duties while haggling with a claimant through offers and counteroffers. *But see D'Amato v. Apfel*, 2001 WL 776945, at *5-6 (S.D.N.Y. July 10, 2001)

---

[5] If the ALJ's statement is taken at face value, it suggests that had the ALJ considered the merits of Claimant's case regarding the period from February 7, 2009 through November 4, 2010, as Claimant's counsel requested in his letter to the ALJ (R. 153), the ALJ may well have found Claimant was disabled during that period.

(affirming final decision made after settlement offer and finding no authority permitting or precluding settlement offers by ALJs.).   Even assuming, *arguendo*, that an ALJ may make binding settlement offers on behalf of the Commissioner, the ALJ in this case failed to rely on any alleged agreement in his decision.  *Compare* R. 153 *with* R. 13, 20.  Furthermore, for several reasons, the current record does not appear to contain a binding agreement which precludes Claimant's appeal.  First, there does not appear to be a clear acceptance of the ALJ's offer.  R. 153.  That is because Claimant's counsel simply replied by stating that if, after reviewing the records, the ALJ felt Claimant was only entitled to a closed period of disability, they would "then" agree to the offer.  R. 153.  Claimant was clearly seeking a ruling on the merits of her claim from the ALJ.  R. 153.  To the extent the Commissioner implicitly suggests Claimant waived or limited her right to appeal the ALJ's decision, the undersigned rejects that argument.  *See supra* pp. 7-9.  It is fundamental that a waiver of a statutory right to appeal must be clear, unambiguous and unequivocal.  *See Myers v. Sullivan*, 916 F.2d 659, 675 (11th Cir. 1990) (a waiver of statutory appellate rights must be clear and unequivocal).  Nothing in the alleged agreement between the parties clearly and unambiguously waives or limits Claimant's right to appeal the ALJ's decision.  R. 153.

Based on all of the foregoing reasons, the ALJ's decision is not supported by substantial evidence.[6]   Accordingly, it is **RECOMMENDED** that the case be reversed and remanded for further proceedings.

---

[6] The undersigned notes that the ALJ's decision attempted to provide the Claimant with what the ALJ apparently believed was a "Fully Favorable" decision.  *See* R. 9.  There is nothing in the record, which suggests otherwise.  Nevertheless, on this record, the ALJ's final decision is not supported by substantial evidence.

VI. **CONCLUSION.**

For the reasons stated above, it is **RECOMMENDED** the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner for further proceedings pursuant to sentence four of Section 405(g); and

2. Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this case, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on August 8, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
**Plaintiff at last known address on record**